CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 14 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WENDY J. STEFFEY, | ) |
| | ) Civil Action No. 7:15CV00091 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Wendy J. Steffey, was born on June 7, 1973, and eventually reached the eleventh grade in school. Ms. Steffey has worked as a factory laborer and nursing assistant. She last worked on a regular basis in 2008. On August 29, 2011, plaintiff filed applications for

disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on August 31, 2008, due to a bipolar disorder, manic depression, and back problems, including scoliosis. At the time of the administrative hearing, Ms. Steffey amended her applications so as to reflect an alleged disability onset date of May 23, 2012. (TR 52). Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Steffey met the insured status requirements of the Act through the first quarter of 2013, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2013. See 42 U.S.C. § 423(a).

Ms. Steffey's applications for benefits were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 23, 2013, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Steffey suffers from a history of bipolar disorder; post-traumatic stress disorder; and history of substance dependence in reported remission. Because of these problems, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. (TR 42). However, the Law Judge held that Ms. Steffey retains sufficient functional capacity to perform simple, routine, and repetitive work with no public contact and only occasional interactions with others. (TR 39). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Steffey retains sufficient capacity to perform several, specific work roles existing in significant number in the

2

Case 7:15-cv-00091-GEC   Document 14   Filed 09/14/15   Page 2 of 8   Pageid#: 549

national economy. (TR 43). Accordingly, the Law Judge ultimately concluded that Ms. Steffey is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Steffey has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Steffey suffers from a severe psychiatric impairment. She was hospitalized for a suicide attempt in 2011. She also has a history of substance abuse, though this condition is said to be in remission. Plaintiff carries diagnoses of bipolar disorder, panic disorder, and post-traumatic stress disorder. The medical evidence relating to the severity of plaintiff's psychiatric condition is in sharp conflict. The Administrative Law Judge relied on reports from several different treating psychiatrists in

3

concluding that Ms. Steffey's problems would not prevent performance of simple, routine, and repetitive work with no public contact and only occasional interactions with co-workers. In connection with plaintiff's psychiatric treatment, Justin Jordan, a mental health counselor, saw Ms. Steffey on a number of occasions. In a mental impairment questionnaire dated June 21, 2013, Mr. Jordan produced findings which indicate that plaintiff is totally disabled.[1] (TR 470-73). At the administrative hearing, the Administrative Law Judge determined to refer plaintiff for a psychological evaluation. The consultative psychologist, Dr. Pamela Tessnear, produced a report on July 9, 2013, in which she found that Ms. Steffey could do simple and repetitive work. However, the psychologist questioned plaintiff's ability to maintain concentration as well as plaintiff's capacity to work on a regular and sustained basis without undue absences. (TR 491).

The court finds substantial evidence to support the Law Judge's resolution of the factual conflicts. The court believes that the Law Judge might reasonably determine to give greater weight to the reports from plaintiff's treating psychiatrists. Dr. Jonathan C. Olivas saw Ms. Steffey in December of 2011 during plaintiff's hospitalization following an apparent suicide attempt. Dr. Olivas noted that plaintiff had not received psychiatric treatment since 2002. The psychiatrist diagnosed recurrent major depressive disorder. Dr. Olivas noted no significant mental status findings at the time of discharge, and he assessed plaintiff's GAF as 50.[2]

---

[1] At the administrative hearing, when asked to consider Mr. Jordan's questionnaire, the vocational expert testified that Ms. Steffey would be unable to work. (TR 70).

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

4

Dr. Conrad Daum evaluated Ms. Steffey on May 3, 2012, during a period of time in which plaintiff was incarcerated. Given plaintiff's psychiatric history, Dr. Daum characterized plaintiff's mental status as follows:

> Alert and cooperative. Affect level. Motor activity was appropriate. Speech and thought were coherent. She was not actively suicidal or homicidal in the office. Cognitive functioning was globally intact. She was aware of the treatment plan, the medications, their general use and general side effects.

(TR 435). Dr. Daum diagnosed bipolar disorder and depression. He did not suggest a need for immediate treatment, other than for administration of medication.

Ms. Steffey received treatment during the summer of 2012 at the New River Valley Community Services Clinic. It was during this period of time that she was seen by the mental health counselor, Justin Jordan. On September 7, 2012, Mr. Jordan noted that Ms. Steffey had been doing better since her release from incarceration, and that she was not a threat to herself or others. (TR 443). While he detected some anxiety, Mr. Jordan reported appropriate affect and good attention. (TR 443). On November 20, 2012, Mr. Jordan discharged plaintiff from further treatment at the New River Valley Clinic, inasmuch as plaintiff had not sought further treatment. (TR 448). Ms. Steffey returned to Mr. Jordan's service on April 8, 2013. Ms. Steffey noted that she had been unable to afford treatment as prescribed at the clinic. Mr. Jordan related that plaintiff continued to struggle with mood instability, depression, and anxiety. (TR 464).

Dr. Gangadeep Singh, another psychiatrist, saw Ms. Steffey at the New River Valley Clinic on June 20, 2013. Based on his review of plaintiff's psychiatric history, and his own clinical findings, Dr. Singh characterized Ms. Steffey's mental status as follows:

> The patient is generally calm and cooperative. Speech is normal in rate, tone and volume. Mood is described as "up and down." Her affect is generally wide

5

> ranging and appropriate. Thought process is linear, logical and goal oriented. Thought content is negative for current suicidal or homicidal thoughts. There are no perceptual abnormalities. Cognition is grossly intact. Insight and judgment appears to be good.

(TR 477). Dr. Singh diagnosed bipolar disorder by history, post-traumatic stress disorder, and situational problems. He assessed plaintiff's GAF as 55.[3] (TR 477).

As previously noted, Mr. Jordan completed his mental health questionnaire on June 21, 2013. Dr. Tessnear conducted her psychological evaluation on July 9, 2013. As previously noted, a fair reading of Dr. Tessnear's report and Mr. Jordan's mental health assessment suggests that Ms. Steffey is disabled for work on a regular and sustained basis.

The court believes that the Law Judge might reasonably determine to accord greater weight to the psychiatric assessments, especially that of Dr. Singh, submitted after his examination on June 20, 2013. Simply stated, Dr. Singh's mental status findings suggest that plaintiff is much more stable and much more capable of regular work activity, than do the evaluations of Dr. Tessnear and Mr. Jordan. Dr. Singh did not consider plaintiff to be in need of significant medical intervention, and he prescribed routine medications for control of her symptoms. The reports from all three psychiatrists indicate that Ms. Steffey's problems are subject to reasonable medical control through essentially conservative treatment measures. Indeed, Mr. Jordan's own treatment notes over a period of time do not support the notion that plaintiff's psychiatric problems are consistently disabling or intractable to treatment. In short, the

---

[3] A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

court finds substantial evidence in support of the Commissioner's decision to give greater weight to the psychiatric reports than to the evaluations of Dr. Tessnear and Mr. Jordan.

It is well settled that in resolving conflicts in opinion evidence, greater weight is reasonably accorded opinions of specialists over those from other medical sources. See 20 C.F.R. § 404.1527(c)(5) and 416.927(c)(5). As for the instant case, the court notes that the reports from treating medical doctors do not suggest that Ms. Steffey is overly impaired, or incapable of engaging in regular work activity in which she experiences only a minimum of contact with others. In short, the court believes that there is medical evidence to support the Law Judge's resolution of the very sharp factual conflicts in this case. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Steffey is free of anxiety, stress intolerance, and depression. Indeed, the medical record confirms that plaintiff suffers from serious psychiatric problems, which can be expected to result in significant symptomatology. However, it must again be noted that the psychiatrists who have treated plaintiff's condition have indicated that her mental status is not overly impaired. Moreover, the medical record strongly suggests that Ms. Steffey's symptoms can be minimized through appropriate chemical treatment and psychotherapy. It must be recognized that the inability to do work without any subjective problems does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered plaintiff symptoms and testimony, to the extent reasonably supported by the medical record, in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 14th day of September, 2015.

_____
Chief United States District Judge

8
Case 7:15-cv-00091-GEC   Document 14   Filed 09/14/15   Page 8 of 8   Pageid#: 555